```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

KINDEL SHELL,                     :

    Plaintiff,                  :

v.                                : CIVIL ACTION NO. GLR-15-3356

STATE OF VIRGINIA,                :

    Defendant.                  :

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Kindel Shell's Motion to Proceed in Forma Pauperis (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3). Because he appears indigent, Shell's Motion to Proceed in Forma Pauperis will be granted. For the reasons that follow, Shell's Motion to Appoint Counsel will be denied and his Complaint will be dismissed.

Shell initiated this action on November 3, 2015. (ECF No. 1). He alleges that in 1999, nine years after he moved to Maryland from Virginia, Defendant, the State of Virginia, posted a notice of a court hearing on a dwelling in Virginia that Shell once occupied. (Id.). He further asserts that he never learned of the hearing and because he failed to appear, an unidentifiable "Circuit Court" labeled Shell a "habitual offender." (Id.). Along with his Complaint, Shell filed a Motion to Proceed in Forma Pauperis (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3).

**A.   Shell's Complaint**

Because he seeks to proceed in forma pauperis, the Court must screen Shell's Complaint.  See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006).  As part of its screening process, the Court may consider whether the Complaint fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003).  Accordingly, Shell's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice."  Id. (citing Twombly, 550 U.S. at 555).

Although Shell is not required to forecast evidence to prove the elements of his claims, his Complaint must allege sufficient facts to establish each element.  Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md.2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom.,

2

Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013). Shell's allegations must give the State of Virginia fair notice of what Shell's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Additionally, when reviewing Shell's Complaint to determine whether it states a claim, the Court must construe it liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Liberally construed, Shell's Complaint sets forth a 42 U.S.C. § 1983 (2012) claim for a violation of the Fourteenth Amendment's guarantee of procedural due process. To prevail on a 42 U.S.C. § 1983 claim, a plaintiff must demonstrate a deprivation of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation was committed by a "person" acting under color of state law. 42 U.S.C § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). States, however, are not "persons" subject to liability under 42 U.S.C § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, because he names only the State of Virginia as a Defendant, Shell fails to state a claim on which relief may be granted.

B.   **Shell's Motion to Appoint Counsel**

Under 28 U.S.C. § 1915(e)(1) (2012), a district court may appoint an attorney to represent any litigant unable to afford

3

counsel. "In civil cases, however, the appointment of counsel is allowed only where exceptional circumstances are presented." Inko-Tariah v. Lappin, No. 5:05-CT-585-H, 2006 WL 6907134, at *2 (E.D.N.C. Apr. 7, 2006) (citing Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984)), aff'd, 346 F.App'x 915 (4th Cir. 2009). Because Shell names as the sole defendant in his suit, an entity that cannot, as a matter of law, be liable for violating 42 U.S.C. § 1983, the Court finds no exceptional circumstances. Should Shell refile his Complaint and name someone capable of liability under 42 U.S.C. § 1983, the Court could consider a new motion to appoint counsel at that time.

Based on the foregoing reasons, Shell's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED, his Motion to Appoint Counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE, and his Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. A separate Order follows.

Entered this 28th day of January 2016

/s/
_____
George L. Russell, III
United States District Judge